HUSCH BLACKWELL LLP
Joshua Grabel (State Bar No. 018373)
2415 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone:  480.824.7890
E-mail: josh.grabel@huschblackwell.com

David H. Timmins (*Pro Hac Vice* to be submitted)
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: 214.999.6185
E-mail: david.timmins@huschblackwell.com

*Attorneys for Defendant Continental Casualty Company*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TMC HealthCare,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Continental Casualty Company,<br><br>　　　　Defendant. | Case No. _____<br><br>**DEFENDANT CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL** |

Defendant Continental Casualty Company ("Continental") removes the state court action styled *TMC HealthCare v. Continental Casualty Company*, Case No. C20210938, from the Superior Court of Pima County, Arizona, to the United States District Court for the District of Arizona, Tucson Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## BACKGROUND

1. This is an insurance coverage dispute arising out of the COVID-19 pandemic.

2. On February 26, 2021, Plaintiff TMC HealthCare ("Plaintiff") initiated this action against Continental by filing its Complaint in state court in Pima County, Arizona.

3. Plaintiff's Complaint alleges that it owns and operates a large hospital in Southern Arizona, a critical access hospital, and a network of urgent care facilities, primary and specialty physician practices, and other services in Southern Arizona. It

alleges that Plaintiff submitted a claim under an insurance policy issued by Continental for its losses incurred as a result of the COVID-19 pandemic, and that Continental wrongfully denied coverage for the claim.

4. Plaintiff asserts claims against Continental for declaratory judgment and breach of contract. Plaintiff seeks consequential damages, pre- and post-judgment interest, attorneys' fees, costs, disbursements, and declaratory relief. A copy of the Complaint is attached as Exhibit 1.

## VENUE

5. Pursuant to 28 U.S.C. § 1446(a), this Court is the proper venue for this action as it is the district and division within which the state court action was brought.

## DIVERSITY JURISDICTION

6. Removal is proper in this case because this Court has jurisdiction under 28 U.S.C. § 1332(a). This Court has original diversity jurisdiction because (1) this action is between citizens of different states, and (2) there is at least $75,000 in controversy.

**A. Complete Diversity Exists**

7. Upon information and belief, Plaintiff is a citizen of Arizona, as it is "a non-profit corporation formed under the laws of Arizona with its principal place of business in Tucson, Arizona." Compl. ¶ 37 [Ex. 1].

8. Continental is incorporated and has its principal place of business in Illinois, making it a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1).

9. Because Plaintiff and Continental are citizens of different states, there is complete diversity among the parties to this case as required for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a)(1).

**B. The Amount in Controversy Exceeds the $75,000 Jurisdictional Threshold**

10. The alleged amount in controversy in this case exceeds the $75,000 threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

11. Plaintiff specifically alleges it "has suffered and continues to suffer damage

1 . . . currently estimated to exceed $60 million." Compl. ¶ 179 [Ex. 1]; *see also id.* ¶¶ 81, 103 (alleging more than $60 million in losses).

12. Plaintiff also alleges that it "had approximately $1.4 million in new COVID-19 related operating costs in both March and April of 2020, and estimated a $20 million loss in revenue for April alone due to an approximately 40% drop in monthly income." *Id.* ¶ 21.

13. Thus, it is facially apparent from the Complaint that the amount in controversy far exceeds the $75,000 jurisdictional threshold. *See Bulock v. Primerica Life Ins. Co.*, No. CV 12-01382-PHX-JAT, 2012 WL 12946575, at *2 (D. Ariz. Oct. 9, 2012) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . ." (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938))); *id.* ("When the plaintiff alleges damages in excess of the required federal jurisdictional minimum in her complaint and the defendant removes, after removal, the plaintiff must show to a legal certainty that she cannot recover more than the jurisdictional amount to have the case remanded to state court." (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996))).

14. Plaintiff also alleges that "the entire $750,000,000 Policy Limit is potentially available for [its] losses." Compl. ¶ 109 [Ex. 1]. While not dispositive on its own, this supports the conclusion that Plaintiff seeks damages well in excess of the $75,000 jurisdictional threshold.

15. Plaintiff also seeks attorneys' fees, which may be included in calculating the amount in controversy. *Id.* at Prayer for Relief at ¶ B; *Plexus Worldwide LLC v. TruVision Health LLC*, No. CV-14-02093-PHX-ROS, 2014 WL 12650627, at *2 (D. Ariz. Dec. 22, 2014) ("[A]ttorneys' fees may be included in computing the amount in controversy 'where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language.'" (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998))).

16. Although Continental does not concede that Plaintiff is entitled to recover anything, the possibility of an award of damages and attorneys' fees clearly establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold in this case, particularly given the amount of damages explicitly alleged in the Complaint. *See* 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## PROCEDURAL STATEMENT

17. This Notice of Removal is timely because it was filed within thirty days after Continental's receipt of Plaintiff's Complaint as contemplated by 28 U.S.C. § 1446(b)(1). Continental was served with Plaintiff's Complaint through the Arizona Department of Insurance on March 1, 2021.

18. This Court is the "district court of the United States for the district and division within which" the state court action is pending. 28 U.S.C. § 1446(a). Continental's Notice of Removal has therefore been filed in the proper court.

19. Continental concurrently will file a copy of this Notice of Removal with the Clerk of the Superior Court of Pima County, Arizona, and serve notice on Plaintiff in compliance with 28 U.S.C. § 1446(d) and LRCiv 3.6(a).

20. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6(b), the following documents are attached to this Notice:

    Exhibit 1 – Plaintiff's Complaint

    Exhibit 2 – Service Documents

    Exhibit 3 – All Other Documents Filed in the State Court Proceeding

    Exhibit 4 – State Court Docket

21. Pursuant to LRCiv 3.6(b), undersigned counsel verifies that true and complete copies of all pleadings and other documents filed in the state court proceeding are being filed with this Notice.

22. Continental reserves the right to amend or supplement this Notice of Removal.

**CONCLUSION**

THEREFORE, Continental removes this action from the Superior Court of Pima County, Arizona, to the United States District Court for the District of Arizona, Tucson Division.

Dated: March 29, 2021

Respectfully Submitted,

HUSCH BLACKWELL LLP

/s/ *Joshua Grabel*
Joshua Grabel
2415 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
Telephone: 480.824.7890
josh.grabel@huschblackwell.com

David H. Timmins (*Pro Hac Vice* to be submitted)
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
Telephone: 214- 999-6185
david.timmins@huschblackwell.com

*Attorneys for Defendant Continental Casualty Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2021, I filed the above document with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all registered users in this case and e-mailed a copy to the following:

Luis A. Ochoa
Nicole L. Simmons
QUARLES & BRADY LLP
1 S. Church Avenue, Suite 1800
Tucson, Arizona 85701
luis.ochoa@quarles.com
nicole.simmons@quarles.com

*Attorneys for Plaintiff*

                                                        */s/ Joshua Grabel*