1    **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TMC Healthcare,<br><br>        Plaintiff,<br><br>v.<br><br>Continental Casualty Company,<br><br>        Defendant. | No. CV-21-00135-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge Eric J. Markovich, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On February 22, 2022, Magistrate Judge Markovich issued a Report and Recommendation (R&R). (R&R (Doc. 45)). He recommends that the Court grant the Motion to Dismiss, which is urged by Defendant, Continental Casualty Company (Continental), pursuant to Fed. R. Civ. P. 12(b)(6).

The Magistrate Judge recommends that the Court conclude that the Coronavirus and the disease, COVID-19, do not cause "direct physical loss of or damage to property" (PLOD) to trigger coverage under Continental's all-risk commercial property insurance policy. The Magistrate Judge found that under applicable case law, the undefined PLOD trigger in the Policy covering Plaintiff's hospital, TMC Health Care (TMCH), requires "actual, tangible, physical damage or alteration to the property." (Obj. (Doc .46) at 2 (citing R&R at 10, 14)). The Court accepts and adopts the Magistrate Judge's R&R as the findings

of fact and conclusions of law of this Court and denies the Motions to Dismiss the Amended Complaint for the reasons as explained below.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Plaintiff and the Reply, and the parties' briefs considered by the Magistrate Judge in deciding the Motion to Dismiss.

Like the Magistrate Judge, this Court finds that oral argument will not aid the Court in its decision. LRCiv. 7.2(f). The Court denies the Plaintiff's request for oral argument because the parties submitted memoranda thoroughly discussing the law and evidence in support of their positions; oral argument is unnecessary, especially because disposition is based on a question of law. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required). The Court finds that as a matter of law, the Plaintiff's claims for bad faith and breach of an insurance contract fail.

## OBJECTIONS

The Plaintiff objects to the Magistrate Judge's conclusion that under applicable case law, the undefined PLOD trigger in the Policy requires "actual, tangible, physical damage or alteration to the property." (Obj. (Doc .46) at 2 (citing R&R at 10, 14)). The Plaintiff argues that the Policy expressly recognizes that communicable disease is an insured peril that causes PLOD. The Plaintiff complains that the Magistrate Judge improperly, "without reasonable distinction," rejected a "long line of cases that find toxic, hazardous, or noxious substances render premises uninhabitable and cause a loss of functional use that triggers PLOD-based coverage." *Id.* The Plaintiff argues that such substances, "—which are indistinguishable from Coronavirus, though far less deadly—triggered coverage before COVID and will trigger coverage long after COVID is gone." *Id.* Cases involving losses due to COVID should do the same.

TMCH believes that its allegations (supported by peer-reviewed scientific findings) are sufficient to state a claim because they detail precisely how Coronavirus inflicts PLOD, most markedly, by physically altering indoor air. The Plaintiff accuses the Magistrate Judge of ignoring "these allegations entirely and instead finding as a factual matter that Coronavirus can be easily cleaned, dissipates quickly, and does not damage property or the air within." *Id.* "These findings run directly counter to TMCH's scientifically-supported allegations that Coronavirus physically changes and damages the air rendering the premises

unfit for its intended purposes, cannot be easily cleaned, and is persistent because it is constantly reintroduced into insured premises, particularly when those premises are an essential business—here a hospital—that was required to remain open as Coronavirus raged. TMCH's allegations must be accepted as true for purposes of the Motion." *Id.* at 3.

Taking the allegations as alleged by the Plaintiff as true, it is not true that the Magistrate Judge failed to distinguish the cases he relied on from those relied on by the Plaintiff. The Magistrate Judge relied on cases decided in this circuit and the Arizona courts. (R&R (Doc. 45) at 9-21). This Court does the same. It follows the lead taken by Judge Humetewa in *Team 44 Restaurants LLC v. Am. Ins. Comp.* 2021 WL 4775106 (D.Ariz. Oct. 13, 2021). (R&R (Doc. 45) at 13 (recommending conclusion in reliance on *Team 44 Restaurants* that PLOD requires a physical loss or damage).

"The phrase, 'direct physical loss of or damage,' is infamously undefined in insurance policies. There are hundreds of cases asking what this phrase means. And it is plain to see that out of these hundreds of cases, nearly every court comes to the same conclusion: it means the policies only cover actual physical damage to the property." *Team 44 Restaurants,* 2021 WL 4775106 *3. "Every Arizona court to reach the question agrees." *Id.* (listing string of citations). In the case before Judge Humetewa, like the case pending here, the Plaintiff asked for an independent analysis interpreting  PLOD policy language which would ignore prior case law from the state courts and this circuit. She declined. Likewise, this Court declines to interpret the Policy PLOD language beyond the ordinary meaning and effect of the express language in the "all-risk policy that provides coverage for all covered causes of loss, including direct physical loss or direct physical damage, . . .." (R&R (Doc. 45) at 2 (citing AC (Doc. 17) ¶¶ 1,6).

The Court agrees with the Magistrate Judge that the allegations in this case as a matter of law are insufficient to be considered direct physical loss of or damage to property. It is not enough to allege that there is physically altered indoor air which "renders the premises unfit for its intended purposes, which cannot be easily cleaned, and is persistent because it is constantly reintroduced into the insured premises, particularly when those

premises are an essential business—here a hospital—that was required to remain open as Coronavirus raged." In this circuit and in Arizona, this is not enough. Plaintiff fails to allege any physical aspect to the loss or damage claim; the Amended Complaint alleges facts related to loss of use.

The Court's dismissal of Plaintiff's Amended Complaint does not reach the Plaintiff's objection to the Magistrate Judge *sua sponte* conclusion that an exclusion concerning "microbes"—which is not defined to include viruses—would somehow exclude TMCH's claims for coverage due to Coronavirus in any event. (Obj. (Doc. 46) at 3 (citing R&R at 18, 28-29, n.11). The Court bases the dismissal on the plain meaning of direct "physical loss of or damage to property," the PLOD clause, contained in the Policy.

The Court finds that Magistrate Judge Markovich issued a well-reasoned R&R, which explains why the First Amended Complaint fails as a matter of law to state a bad faith breach of contract claim for physical loss of or damage to property.

CONCLUSION

After *de novo* review of the issues raised in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in his R&R for determining the pending Motion to Dismiss. The Court adopts it, and for the reasons stated in the R&R, the Court grants the Defendant's Motion to Dismiss.

**Accordingly**,

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 45) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is GRANTED.

///

///

///

///

1   **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment,
2   accordingly, and close this case.
3   Dated this 5th day of May, 2022.

Honorable David C. Bury
United States District Judge